DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Oscar N. Ramirez, guilty of one count of burglary, in violation of R.C.2911.12(A)(4), a fourth degree felony. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appointed counsel Andrew C. Lockshin has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel
 {¶ 3} for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues. Counsel for appellant does, however, set forth the following proposed assignment of error:
 {¶ 4} "Was the sentence properly imposed on the Defendant/Appellant?"
 {¶ 5} A review of the record reveals the following relevant facts. The charges against appellant arose when Amanda Frederick reported that a television, DVD and VCR player and several recorded movies were stolen from her apartment at 1514½ West State Street, in Fremont, Ohio. Frederick told police that she suspected appellant was involved in the crime, because she found appellant's wallet, which had his girlfriend's phone number on it, in her apartment. Frederick stated that she knew appellant because appellant's brother is the father of her children.
 {¶ 6} When confronted, appellant admitted breaking into Frederick's apartment through an unlocked window and opening the door for another individual, Frank Vasquez. Appellant stated that it was Vasquez who stole the items from Frederick's apartment and later sold the DVD player to someone named Daryl Fry for $40. Appellant was then arrested and charged with burglary as set forth above.
 {¶ 7} On January 27, 2004, the Sandusky County Grand Jury indicted appellant on one count of burglary in violation of R.C.2911.12(A)(2), second degree felony. On February 17, 2004, appellant entered a plea of guilty to one count of burglary in violation of R.C. 2911.12(A)(4), a fourth degree felony. The trial court accepted appellant's plea and found him guilty of burglary, after finding that the plea was knowingly, voluntarily and intelligently made. The case was then referred to the Adult Probation Department for a presentence investigation.
 {¶ 8} On March 30, 2004, the trial court held a sentencing hearing at which appellant was present, along with court-appointed defense counsel. Defense attorney briefly recounted appellant's juvenile record and asked the trial court to place appellant on community control. The trial court then reviewed appellant's criminal history, which included numerous juvenile offenses in Sandusky County and in Bexar County, Texas. The court noted that, when appellant was in Texas, he belonged to a group that imported illegal drugs into the United States.
 {¶ 9} The trial court further noted that, in the past, appellant had violated the terms of probation on several occasions and that, since his arrest for burglary, appellant had been charged with the additional crimes of obstruction of official business and assaulting a police officer. The court concluded based on appellant's history and the presentence investigation report, that appellant, a 23 year old male, had a "moderate criminal record."
 {¶ 10} In addition to the above, the trial court stated that it had taken into consideration the principles of sentencing stated in R.C. 2929.11, balancing them against the seriousness and recidivism factors set forth in R.C. 2929.12. In particular, the trial court noted that appellant had a familial relationship to the victims in the case, which was directly related to the commission of the offense. The court also found that recidivism was likely, since appellant had a history of juvenile crimes, he showed no genuine remorse, and he did not respond satisfactorily to sanctions imposed on him in the past.
 {¶ 11} As to whether appellant was amenable to community control, the trial court stated:
 {¶ 12} "And the Community Control people and the Court concludes, feels very strongly, because of the incident in the jail, because of the Defendant's admission that he was involved in this illegal activity ring transporting stuff, or various kinds of things, drugs and so forth, and this organization has been involved in his missions — not any other evidence of that other his own statements — and the fact that he has had a criminal record where he was placed on Community Control or Probation, and apparently that has not worked, and their findings and their belief they basically think he would not be suitable for Community Control, or not amenable to Community Control. * * *
 {¶ 13} "The Court specifically makes a finding that the offender is not amenable to an available community control, and therefore the Court finds that a prison term is necessary in this case to adequately protect the public and, that after weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles and the offender is not available to Community Control."
 {¶ 14} Accordingly, the trial court sentenced appellant to a 17 month prison term, and advised appellant of his rights as to post-release control and his right to appeal. That same day, a judgment entry of sentencing was filed. It is from that judgment that appellant appeals.
 {¶ 15} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a
 {¶ 16} meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 17} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant was notified by counsel of his right to file an appellate brief on his own behalf; however, no such brief was filed. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 18} In his proposed assignment of error, counsel for appellant suggests that the trial court improperly sentenced appellant to prison for a fourth degree felony. In support thereof, counsel states that, pursuant to R.C. 2929.13, there is a presumption that prison is not required for a felony of the fourth degree, unless the court finds the existence of one or more factors pursuant to R.C. 2929.13(B)(1).
 {¶ 19} The range of possible prison sentences for a fourth degree felony is between six and eighteen months. R.C.2929.14(A)(4). R.C. 2953.08 sets forth the rights and procedures for appellate review of sentences alleged to violate R.C. Chapter 2929.
 {¶ 20} Pursuant to R.C. 2953.08(A)(2), a defendant may appeal a prison sentence imposed for a fourth degree felony only if "the court did not specify at sentencing that it found one or more factors specified in division (B)(1)(a) to (i) of section 2929.13
* * * to apply relative to the defendant. * * *" One of those factors is that the offender held a position of trust relative to the victim, and that the commission of the offense was related to that position. R.C. 2929.13(B)(1)(d).
 {¶ 21} In addition to the above, R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 22} The Supreme Court of Ohio has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first time offender, a trial court is required to
 {¶ 23} make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003-Ohio-4165, at ¶ 26. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., at n. 2, citing State v. Edmonson
(1999), 86 Ohio St.3d 324, syllabus.
 {¶ 24} In this case, as set forth above, the trial court stated at the sentencing hearing that it considered the principles stated in R.C. 2929.11 and balanced them against the seriousness and recidivism factors set forth in R.C. 2929.12. Thereafter, the court found, both on the record and in its sentencing judgment entry, pursuant to R.C. 2929.14(B)(2), that "the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public." In addition, the trial court found at the sentencing hearing that, pursuant to R.C. 2929.13(B)(1)(d), appellant had a familial relationship to the victims that gave him knowledge of and access to Frederick's apartment, and was therefore directly related to the commission of the offense.
 {¶ 25} Upon consideration of the foregoing, we find that the trial court did not err by sentencing appellant to prison for a fourth degree felony, or for sentencing him to more than the minimum allowable term for a fourth degree felony. Appellant's proposed assignment of error is not well-taken.
 {¶ 26} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby
 {¶ 27} granted. The decision of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.